FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 MAR 16  AM 11: 27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RANDY KIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-82 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS,** pursuant to sentence four of Title 42, United States Code, Section 405(g), that the case be **REMANDED** to the Commissioner for further consideration in accordance with this Recommendation.

### I. BACKGROUND

Plaintiff applied for disability benefits and SSI payments on March 3, 2003, alleging an onset date of February 17, 2002. Tr. 62-65, 248-51. He alleged disability due to back

problems. Id. The Social Security Administration denied plaintiff's application and his request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on his own behalf, the ALJ issued a partially unfavorable decision dated September 10, 2004. Tr. 16-23.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Sections 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's status post laminectomy (cervical fusion/lumbar bone graft) with associated arthritic pains is a "severe" impairment, based upon the requirements in the Regulations.

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity to perform light exertional level work. His non-exertional limitations are as follows: occasional climbing (but never on ladders, ropes or scaffolds); occasional crawling, stooping and overhead reaching bilaterally. The claimant is unable to perform any of his past relevant work.

5. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.19 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a toy assembler, assembler, cutlery, and cashier, parking lot.

Tr. 22-23.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff then filed this civil action

2

requesting a reversal of that adverse decision. Plaintiff argues that the ALJ erred, inter alia, in failing to address directly plaintiff's pain medications and their effects on the credibility of his pain complaints and on his ability to work.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual

3

findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff asserts that the ALJ failed to consider the side effects of plaintiff's medications in making his disability determination. Social Security Ruling ("SSR") 96-7p requires an ALJ to consider, among other things, the "dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in addition to objective medical evidence in assessing the credibility of a claimant's complaints of pain. Accord 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); see also 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.0012 ("[A] pain medication may relieve an individual's pain completely, partially, or not at all. It may also result in adverse effects, e.g., drowsiness,

4

dizziness, or disorientation, that compromise the individual's ability to function. Therefore, each case must be considered on an individual basis, and include consideration of the effects of treatment on the individual's ability to function.").

Apart from being a factor considered in evaluating a claimant's credibility, the side effects of medications may also constitute conditions that in themselves contribute to a claimant's disability. The Eleventh Circuit has recognized that "the side effects of medication could render a claimant disabled or at least contribute to a finding of disability," and an ALJ should consider side effects of medications in his disability analysis. Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981); accord Loza v. Apfel, 219 F.3d 378 (5th Cir. 2000).[1]

Plaintiff noted on several occasions in his disability applications that he cannot perform his current job of truck driver because his medications render him drowsy, dizzy, and unable to drive.[2] Tr. 79, 90, 95, 118-19, 121. The ALJ did not mention plaintiff's medications or their side effects in his decision,[3] and he addressed plaintiff's subjective complaints of pain in a flippant manner:

> At the hearing, claimant testified that his pains are so bad that he has not been able to drive, or shop, since 2002. However, . . . claimant's activities of daily

---

[1] It is unclear whether plaintiff relies on the requirement in SSR 96-7p that an ALJ consider side effects of medications in evaluating a claimant's credibility or the notion that the side effects of medications can themselves contribute to disability. In his brief, he cites both SSR 96-7p and Cowart, with little discussion of either.

[2] According to plaintiff, he takes Ambien, Flexeril, Bextra, Vicodine, Nexium, and Celebrex.

[3] The ALJ also did not question plaintiff about his medications at his hearing. Tr. 271-96.

> living . . . shows [sic] claimant drives and shops . . . . His pain... oh, it is awful... on a scale of 1 to 10 with 10 being the highest, his pain level is a 10 most of the time, he swore. Earlier, claimant told his physician it ranged between 2 [and] 4 or 5 to 6 at worst. Claimant also testified that he has not attended church since <u>before</u> 2002, because his pain is too bad. . . . Based on the objective evidence and claimant's testimony the undersigned finds claimant's allegation of disabling symptoms and pain not credible and not consistent with the medical evidence of record.

Tr. 19 (emphasis in original).

In her brief, the Commissioner contends that the ALJ's failure to address the side effects of plaintiff's medication is "harmless error." Def. Br. at 15. According to the Commissioner, the ALJ's finding that plaintiff could not perform his past relevant work as a truck driver renders harmless his failure to consider the fact that plaintiff's medications rendered him unable to drive.

If the ALJ's analysis stopped there, the Commissioner would be correct. But the ALJ continued by finding that plaintiff retains the residual functional capacity to perform light work, as a toy assembler, cutlery assembler, or a parking lot cashier. The decision contains no analysis addressing whether the side effects of plaintiff's medications, which are non-exertional limitations, would render him able to perform work as an assembler of toys or cutlery or as a parking lot cashier. The ALJ does not factor the side effects of plaintiff's medication into his credibility determination, as he is required to do. The ALJ also does not consider whether plaintiff's medications themselves may be a cause of, or contribute to, plaintiff's disability.

The Court is aware that plaintiff's counsel did not raise the issue during plaintiff's hearing, as he had an opportunity to do. The ALJ, however, should have been cognizant of

6

plaintiff's medications and their effects on his ability to work based on plaintiff's disability applications. The ALJ should have developed a record at the hearing regarding plaintiff's medications and their effects on his ability to work, and the ALJ should have addressed the issue in his decision.

The ALJ's failure to consider the side effects of plaintiff's medications is error and warrants remand under sentence four of Section 405(g). Because the Court recommends that this case be remanded so that an ALJ may consider the side effects of plaintiff's medications in conjunction with other evidence of record, the Court does not address the other contentions in plaintiff's complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of Section 405(g), that the case be **REMANDED** to the Commissioner for further consideration in accordance with this Recommendation.

SO REPORTED and RECOMMENDED this 16th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE